UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFREY VENZA TURNER | CIVIL ACTION NO. 22-cv-582 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| GO AUTO INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Jeffrey V. Turner ("Plaintiff"), who is self-represented, filed this civil action to complain that he has not received justice in an auto accident case that he filed in state court. He prays that this court restore his rights, allow him a trial by jury, and grant him one trillion dollars in punitive damages. For the reasons that follow, it is recommended that his complaint be dismissed.

**The Complaint**

Plaintiff alleges that he filed a suit in Caddo Parish state court in 2019 based on an automobile accident in which his vehicle was totaled after being rear ended by a drunk driver who fled the scene before police arrived. Plaintiff alleges that he filed suit against Go Auto Insurance Company on April 5, 2020 "and since this day I have been subjected to confederacy rule and Jim Crow tactics in all its glory in Shreveport, Louisiana." Plaintiff complains primarily about Judge Ramon Lafitte (who is African American). Plaintiff alleges that Judge Lafitte threw him out of the court for being prepared, mangled and misrepresented the law, and forced Plaintiff to switch case numbers. Plaintiff also accuses

Judge Lafitte of ignoring certain filings and issuing a ruling "with no law or reason to support his actions."

Plaintiff also names as defendant Judge Roy Brun. He alleges that the judge issued a judgment of prescription even though he was never Plaintiff's trial judge. Deputy Clerk of Court Colvin Roberson is another defendant. Plaintiff alleges that Roberson told him that his case was closed and that he was not to file any more appeals. He also complains that Roberson accepted filings "against" Plaintiff "but wouldn't allow me to file on my own suit." The final defendant is Go Auto, which Plaintiff alleges was the defendant in his state court suit.

**Authority to Review the Complaint**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an IFP complaint at any time if it determines that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

The court may also generally review a complaint to determine whether it states a viable claim. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053,

1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff notice of the reasons for dismissal and an opportunity to respond before the district judge acts on his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**Judicial Immunity**

Judge Lafitte and Judge Brun are accused of violating Plaintiff's civil rights by actions they took in the state court proceedings. Plaintiff seeks relief under 42 U.S.C. § 1983. Plaintiff's damages claims against the judges are barred by judicial immunity.

Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288.

The claims against the two judges plainly arise from the performance of their judicial duties. Plaintiff's claims are based on the judges' activities related to a civil suit pending in their court. The actions include presiding over court proceedings in the case

and issuing decisions on legal issues and filings. The judges are entitled to judicial immunity with respect to all damages claims alleged in the complaint.

**Deputy Clerk Roberson**

Plaintiff alleges that he visited the courthouse on October 8, 2019 to check on why there was no response to a prior appeal and was told by Deputy Clerk Colvin Roberson that his case was closed and that he was not to file any more appeals. Plaintiff also complains that on October 18, 2019 Go Auto was allowed to file exceptions against him but "Colvin Roberson put me out with a lie and turned right around and excepted (sic) filings against me, but wouldn't allow me to file on my own suit."

A clerk of court has absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. They have qualified immunity for routine duties not explicitly commanded by a court decree or by a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). They "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," Mylett v. Mullican, 992 F.2d 1347, 1352 n.36 (5th Cir. 1993); see also Evans v. Suter, 260 Fed. Appx. 726, 727 (5th Cir. 2007) ("Clerks have absolute quasi-judicial immunity ... when they perform tasks integral to the judicial process.").

Plaintiff's complaints that certain documents were not properly filed by Roberson are barred by these immunity doctrines. In Evans, the plaintiff's main complaint was the clerk's "failure to file one or more additional petitions for rehearing." The Fifth Circuit

affirmed dismissal on the grounds that the clerk had absolute quasi-judicial immunity from damages related to that claim.  The same is true here.

Any claims against Deputy Clerk Roberson are also barred by limitations.  A district court may raise the defense of limitations sua sponte in an action under § 1915, and "[d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations."  Davis v. Young, 624 Fed. Appx. 203, 207 (5th Cir. 2015), quoting Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir.1999).  See also Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), and Abston v. Fed. Bureau of Prisons, 689 Fed. Appx. 304 (5th Cir. 2017).

Louisiana tort claims, whether based on negligence or intentional act, are governed by Louisiana Civil Code Article 3492's one-year prescriptive period that runs "from the day injury or damage is sustained."  Louisiana's one-year period is the borrowed statute of limitations for claims under the statute.  Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).  Federal law determines the date of accrual for the Section 1983 limitations period, and it commences when a plaintiff knows or should have known of the facts that form the basis of the claim.  Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989); Griffin v. New Orleans City, 628 Fed. Appx. 300, 301 (5th Cir. 2016).

Plaintiff makes only two particular allegations about Roberson, and both events are said to have happened in 2019.  Plaintiff would have known of the facts that formed the basis of those claims at the moment the events happened.  He did not file this civil suit until more than two years later in 2022, so his claims against Roberson are untimely on their face.

**Relitigating State Court Case**

Plaintiff's main complaint is that he is unhappy with the results in his state court litigation and wants the federal court to afford him a remedy. But the federal court does "not have appellate jurisdiction to review, modify or nullify a final order of a state court." Eitel v. Holland, 787 F.2d 995, 997 (5th Cir. 1986), quoting American Furniture Co. v. International Accommodations Supply, 721 F.2d 478, 482 (5th Cir. 1981). If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse through the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). And "[a] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge